1 | BANNING MICKLOW BULL & LOPEZ LLP
Edward M. Bull, III, State Bar No. 141966
2 | Eugene A. Brodsky, State Bar No. 36691
Jennifer L. Fiore, State Bar No. 203618
3 | One Market, Steuart Tower, Suite 1440
San Francisco, California 94105
4 | Telephone:    (415) 399-9191
Facsimile:    (415) 399-9192
5
Attorneys for Plaintiff
6 | JOSEPH F. ARISPE

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 | JOSEPH F. ARISPE,                    )   CASE NO.  C 03 4269 CRB (ARB)
                                         )
11 |        Plaintiff,                    )   ORDER APPOINTING SUBSTITUTE
                                         )   CUSTODIAN
12 | vs.                                  )
                                         )
13 | TOM TIMMER and ANN TIMMER, *in*      )
*personam,* and F/V DONITA and F/V        )
14 | BOUNTIFUL, their engines, tackle, apparel, )
furniture, etc., *in rem,*               )
15                                        )
        Defendants.                      )
16 | _____ )

17

18

19

20         Under the application of plaintiff JOSEPH F. ARISPE, for an order appointing Mr.

21 | Stewart Shane Schneider & Associates as substitute custodian in lieu of the U.S. Marshal in this

22 | case, and good cause appearing therefor, it is

23         ORDERED that the plaintiff's application is granted; and it is further

24         ORDERED that the U.S. Marshal for this District transfer custody of the defendant

25 | vessels F/V DONITA and F/V BOUNTIFUL, their tackle, equipment, appurtenances, from

26 | wherever said vessels may be found in this District, to the custody of substitute custodian Mr.

27 | Stewart Shane Schneider, immediately following the arrest of either or both vessels, and it is

28 | further

1

1     ORDERED that upon seizure of defendant vessels any unloading of fish, bait, ice or
2 stores should continue and be completed before release of the vessel to the Mr. Schneider; and it
3 is further
4     ORDERED that upon the transfer of said vessels to the substitute custodian, the aforesaid
5 substitute custodian is hereby appointed to act as substitute custodian of the defendant vessels
6 during *custodia legis* on behalf of this Court, in place and instead of the U.S. Marshal, until
7 further order of this Court; and it is further
8     ORDERED that Mr. Schneider, substitute custodian, in consideration of the U.S.
9 Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the
10 U.S. Marshal, the United States of America, their agents, servants, employees, and all others for
11 whom they are responsible, from any and all liability and responsibility arising out of the care
12 and custody of the vessels, their engines, tackle, appurtenances, etc. from the date of the transfer
13 of possession of said vessels, their engines, tackle, appurtenances, etc., and for all attorneys' fees,
14 costs, expenses and disbursements incurred in defending against such claims or actions arising
15 out of said substitute custody, and it is further
16     ORDERED that the substitute custodian must execute a receipt for the vessels and the
17 U.S. Marshal must attest to the date and time of release on a certified copy thereof, and it is
18 further
19     ORDERED that in the event of any adverse weather conditions which may pose a danger
20 to the vessels at their current berths at the Crescent City Harbor, Mr. Schneider may move said
21 vessels to a new berth or anchorage until the cessation of any such adverse weather or sea
22 conditions.  Mr Schneider will also appoint a marine surveyor to survey the F/V DONITA and
23 F/V BOUNTIFUL, after they transferred to the substitute custodian, for the purpose of
24 ascertaining their condition and inventory, equipment, furniture, apparel, and appliances; and it is
25 further
26     ORDERED that all reasonable expenditures of the U.S. Marshal shall be administrative
27 expenses in this action and a first charge on the vessels herein, to be paid to the U.S. Marshal
28 ///

1  prior to the release of the defendant vessels or distribution of the proceeds of its sale; and it is
2  further
3      ORDERED that all reasonable expenditures which may be incurred by the substitute
4  custodian, or by any party advancing funds to the substitute custodian, in safekeeping and
5  maintaining the vessels while it is in *custodia legis*, including the additional costs of maintaining
6  adequate insurance on the vessel or performing surveys, if any, while the vessel is in *custodia*
7  *legis*, shall be administrative expenses in this action and a first charge on the defendant vessels
8  herein, to be paid prior to the release of the vessels or the distribution of proceeds of their sale;
9  and it is further
10     ORDERED that during *custodia legis* the substitute custodian shall not permit repairs or
11 changes to be made to the vessel except for routine maintenance required for the vessel's
12 safekeeping, or in emergency situations, without an order of this Court; and it is further
13     ORDERED that plaintiff's attorney will serve the owner of defendants F/V DONITA and
14 F/V BOUNTIFUL, TOM TIMMER and ANN TIMMER, through their attorney's of record
15 herein, with a copy of this Order.

17 Dated: November 14, 2005



HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE